(11 App. Div. 101.)

DOUGLASS et al. v. HALSTED et al.

(Supreme Court, Appellate Division, Second Department. December 22, 1896.)

CONTEMPT—RECITALS OF ORDER.

In a contempt proceeding for violating an injunction order against the removal of certain fences on plaintiff's land, the evidence and the order punishing defendant must both show that the fences alleged to have been interfered with were on plaintiff's premises.

Appeal from special term, Westchester county.

Proceeding by Sarah C. Douglass and George E. Cornell, as executor of George L. Cornell, deceased, against William B. Halsted, impleaded with others, for contempt. From an order adjudging defendant guilty of contempt of court, and imposing a fine of $200, defendant appeals. Modified.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Frederick W. Sherman, for appellant.
John H. Clapp, for respondents.

WILLARD BARTLETT, J. The order appealed from recites that the appellant has willfully and persistently violated the injunction order and judgment granted in this action under date of November 21, 1888, adjudges that his offense in so doing was and is calculated to and actually does defeat, impair, impede, or prejudice the rights or remedies of the plaintiffs, and imposes a fine of $200 upon the appellant for his misconduct, with the alternative of imprisonment in the county jail of Westchester county until such fine be paid. An analysis of the particulars in which the appellant is adjudged to have violated the judgment of November 21, 1888, shows that the alleged violations relate to two prohibitions in that judgment: (1) A prohibition against the removal of certain fences, and (2) a prohibition against allowing the patrons of the appellant's bathing houses to make use of a private road or lane described in the judgment.

As to the fences, the order under review declares that the appellant has violated the injunction in the judgment "by allowing and permitting the patrons of his bathing houses to injure the fences on the north side of the private road or lane described in said judgment, and by allowing or permitting persons visiting the beach of the said defendant William B. Halsted, or his bathing houses, to injure said fences; * * * by tearing down and destroying the line fence on the northerly side of said private road or lane; * * * by tearing down a large portion of the fence separating said private road or lane from

Dearborn avenue; by refusing to allow the plaintiffs to replace said fence, and filling up the post holes as fast as they were dug; by cutting the line which the workmen had placed in order to replace said fence; * * * and by refusing to allow or permit said fence to be rebuilt, and threatening to tear it down as often as it was put up." It will be observed that nowhere in the order punishing the appellant is it declared that the fences, or any of them, are upon the land of the plaintiffs; yet an examination of the judgment which he is alleged to have disregarded shows that the only fences which he is enjoined from interfering with are fences upon the plaintiffs' land. The only part of the injunction which relates to fences is that portion of the judgment in which the defendants are enjoined and restrained "from allowing or permitting persons visiting such beach or bathing houses of the defendant Halsted to pull down or injure the fences on the premises of the plaintiffs." Now, it is quite clear that before the appellant can properly be punished for violating this portion of the injunction, it must be made to appear that the fence or fences interfered with by him or by others with his sanction were upon the plaintiffs' land; and this the plaintiffs attempted to prove in the present proceeding. A most careful scrutiny of the evidence, however, satisfies us that they did not maintain the burden which the law cast upon them in this respect. In a proceeding to punish for contempt, like this, where the evidence is wholly in the form of affidavits, the rule is no different from that which obtains where oral testimony has been taken before a referee or the court. The party holding the affirmative must make out his case by a fair preponderance of proof. The evidence in regard to the location of the fence removed by the appellant does not, in our opinion, preponderate in favor of the plaintiffs' ownership or right to the possession of the land on which it stood. Upon the affidavits the preponderance seems rather the other way. Hence, upon these proofs, without anything further or different, the appellant should not be punished for a violation of the injunction so far as it relates to fences.

As to the appellant's alleged violation of the injunction in permitting the patrons of his bathing houses to make use of the private road or lane mentioned in the judgment, the case is different. We think the evidence establishes his misconduct in this respect. The injunction restrained him from permitting persons visiting or using his bathing houses to pass over the private road in question. It is argued in the brief for the appellant that the court did not find that persons were permitted by Mr. Halsted to use the road for such purpose, and that no such use was proved. We are of the opinion, however, that there is such a finding in the adjudication in the order appealed from to the effect that the appellant had violated the injunction by "permitting the patrons of said bathing houses belonging to said defendant William B. Halsted to go upon said private road or lane." The description of these persons as patrons of the appellant's bathing houses sufficiently indicates their purpose in going upon the private way, and the proof as to the purpose of the intruders is that "persons visiting the beach or bathing houses of

the defendant William B. Halsted make common use of such private road, hitching their horses to the trees and gates as well as the line fence remaining upon said road."

It appears from what has been said that the order appealed from is erroneous so far as it convicts the appellant of misconduct in removing the fence, but is otherwise correct. This conclusion renders it necessary, however, to reverse the order as a whole, as it is impossible for us to determine what punishment the court below would have inflicted if it had not found against the appellant upon the charge that he had removed the fence. The matter must therefore be remitted to the special term for a further hearing upon the merits. All concur.