SARAH C. DOUGLASS and GEORGE F. CORNELL, as Executors, etc., of GEORGE L. CORNELL, Deceased, Respondents, *v.* ANDREW L. BUSH and WILLIAM B. HALSTEAD, as Executors, etc., of NEWBURY D. HALSTEAD, Deceased, and WILLIAM B. HALSTEAD, Individually, Appellants.

*Contempt — judgment enjoining the owner of bathing houses from permitting his patrons to use a private road — removal by him of a fence on his own land, thereby facilitating such use.*

In proceedings for contempt for a violation of a judgment prohibiting a party from permitting the patrons of his bathing houses to make use of a private road or lane mentioned in the judgment, proof that he removed a fence on his own land, so as to allow such persons to gain convenient access to the private road, justifies a decision adjudging him to be guilty of a contempt of court in willfully permitting a use of the private road which was forbidden by the injunctive portion of the judgment.

APPEAL by the defendants, Andrew L. Bush and William B. Halstead, as executors, etc., of Newbury D. Halstead, deceased, and William B. Halstead, individually, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 9th day of July, 1898, adjudging the defendant William B. Halstead to be guilty of a contempt of court, and ordering him to pay a fine of $150, and directing that he stand committed to jail until said fine be paid.

*Frederick W. Sherman*, for the appellants.

*John H. Clapp*, for the respondents.

PER CURIAM:

The facts of this case are sufficiently set forth in the opinion upon a former appeal. (*Douglass* v. *Halstead*, 11 App. Div. 101.) It was then decided that the proof did not warrant a finding that the defendant Halstead had been guilty of contempt in removing the fences which he did remove, but that the evidence justified the conclusion that he had violated the provision in the judgment which prohibited him from permitting the patrons of his bathing houses to make use of the private road or lane mentioned in the judgment. The proceeding was, therefore, remitted to the Special Term for a

further hearing on the merits, inasmuch as it did not appear what punishment the court below would have inflicted for the only misconduct which we thought had been proved. Such further hearing has now been had at Special Term upon the same papers, with the result that a fine of $150 instead of $200 has been imposed upon the defendant Halstead, who again appeals.

It is argued in his behalf that the only evidence of his having permitted the use of the private road which the injunction forbids shows that the road was invaded *in consequence* of the removal of the fence, which removal the Appellate Division has decided not to have been a violation of the injunction. If he acted within his rights in removing this fence, it is urged that he cannot be held responsible for the consequences.

This argument proceeds upon a misapprehension of our former decision. One provision of the judgment forbade the defendants from pulling down or injuring the fences on the premises of the plaintiffs. We held that the defendant Halstead could not be punished for violating this provision, because it did not appear that the fencing with which he had interfered was on the plaintiffs' land. In other words, he was enjoined from committing a trespass, and the proof failed to establish that he had committed such trespass. As to the part of the judgment, however, which prohibited him from permitting persons visiting or using the bath houses to pass over the private road in question, the case is different. His removal of the fence on his own land, so as to allow such persons to gain convenient access to the private road, though no trespass, was an act indicative of a willingness, not to say desire on his part, that the patrons of the bath houses should pass over that road; just as it would have been if he had opened a previously locked gate in order to let them through. We remain of the opinion that he willfully permitted a use of the private road which was forbidden by the injunctive portion of the judgment, and thereby subjected himself to punishment for contempt.

No objection is made to the form of the order, and it should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.